UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CORY JAMEL DAVIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:24-cv-00142-GFVT |
| ) | |
| v. ) | |
| ) | |
| JAMIE MOSLEY, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Corey Jamel Davis is an inmate at the Roger D. Wilson Detention Facility in Knoxville, Tennessee. Proceeding without counsel, Davis filed a civil rights complaint against the Laurel County Corrections Center ("LCCC"), where he was previously confined, and various officials there. Davis was granted permission to proceed *in forma pauperis* by a prior order of the Court. The Court now screens Davis's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A. At this stage of the proceedings, the Court accepts Davis's factual allegations as true and construes his allegations liberally in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Davis was a pretrial detainee at LCCC in August 2024 when the facility began selling electronic cigarettes to inmates. Davis, who has asthma and diabetes, suffered nausea, dizziness, and difficulty sleeping due to the "high levels of [second-hand] smoke." Davis informed "them" of these issues and, on September 17, 2024, Defendant Sgt. Jason Jones responded, "e-cigs are vapor." [R. 7 at 2.] Davis continued to complain about the e-cigarette "smoke," and asked to be moved to a different facility. On October 1, 2024, Davis was moved to a medical unit at LCCC but e-cigarettes were being sold to inmates there, as well. By December 5, 2024, Davis had been transferred to the Roger D. Wilson Detention Facility. [R. 11.]

Davis alleges that the defendants violated his rights under the United States Constitution by being deliberately indifferent to his serious medical needs and that the defendants violated Kentucky Revised Statutes section "61.165(a)(1) and 61.165(a)(1)(2)(b)." For relief, he seeks monetary damages.

Davis's claims under Kentucky Revised Statutes Chapter 61 will be dismissed. While the precise provisions he cites do not exist, K.R.S. § 61.165 provides the state government shall adopt a smoking policy that applies to *state*-owned or *state*-operated office buildings. *See* § 61.165(1). Subsection (3) of the statute provides that counties or other local governments *may* adopt smoking policies that prohibit indoor smoking. The LCCC is maintained and operated by Laurel County, Kentucky and its fiscal court—not the Commonwealth of Kentucky. *See* K.R.S. §§ 441.005, 441.025, 441.045. Accordingly, § 65.165 does not require the County to adopt any particular smoking policy at LCCC.

Next, the Court considers Davis's claims of deliberate indifference to his medical needs. Pretrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment. *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020). The Supreme Court has recognized that "due process rights to medical care 'are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). To prevail on this claim, Davis must show that he "had a sufficiently serious medical need" and that the defendant disregarded "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Heeter v. Bowers*, 99 F.4th 900, 915-16 (6th Cir. 2024) (quoting *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023)).

Title 42 U.S.C. § 1983 permits a plaintiff to assert constitutional claims against persons acting under color of state law. However, "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Davis has made sufficient allegations against Defendant Jason Jones, as Davis states that he advised Jones of the health problems he had as a result of exposure to "second-hand smoke," and Jones simply responded: "Ecigs are vapor." R. 7 at 2. Conversely, Davis's only allegation concerning Defendant Angela Buttrey is that she sold e-cigarettes to inmates on the medical unit, [R. 1 at 9], so there are no facts to suggest that she disregarded an unjustifiably high risk of harm to Davis that was either known or so obvious that it should have been known. *See Heeter*, 99 F.4th at 915-16.

Davis's allegations concerning Mosley are sparce, but in his original, handwritten complaint, Davis includes Mosley under the heading "municipal liability," and explains that Mosley "sanctioned e-ciggs [sic] being sold at the facility." R. 1 at 6. To the extent Davis alleges that a municipal policy or custom was responsible for a violation of his constitutional rights, the Court will construe this as claim against Mosley in his official capacity as Jailer. *See Baar v. Jefferson Cnty. Bd. of Educ.*, 476 F. App'x, 621 2012 WL 738741, at *12 (6th Cir. Mar. 7, 2012) (citing *Monell v. Dept. of Soc. Servs.*, 936 U.S. 658, 690-91 (1978)). Accordingly, the Court will require Mosley to respond to both Davis's individual-capacity and official-capacity claims against him.

Finally, Davis's claims against LCCC will be dismissed because the corrections center is simply a building and not a person or legal entity that may be sued under 42 U.S.C. § 1983. *See Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. 2000) (holding that the Shelby County jail was not subject to suit under § 1983).

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Davis's claims against Laurel County Correctional Center and Angela Buttrey are **DISMISSED**. These defendants are **TERMINATED** as parties to this action.

2. Davis may **PROCEED** with his individual-capacity § 1983 claim against Jason Jones and his individual capacity and official-capacity § 1983 claims against Jamie Mosley.

3. A Deputy Clerk shall prepare three Service Packets for service upon Defendants Jamie Mosley and Jason Jones. The Service Packets shall include:

   a. a completed summons form;

   b. a copy of Davis's complaint and amended complaint, with attachments [R. 1, 7];

   c. a copy of the Order granting Davis pauper status [R. 10];

   d. a copy of this Order; and

   e. a completed USM Form 285.

4. A Deputy Clerk shall send the Service Packets to the United States Marshals Service in Lexington, Kentucky and note the date of delivery on the docket.

5. The United States Marshals Service is directed to personally serve Defendants Jamie Mosley and Jason Jones with a Service Packet at the Laurel County Correctional Center, 440 Hammock Road, London, Kentucky 40741 through arrangement with appropriate officials at that institution.

6. The United States Marshals Service shall send one Service Packet, by certified mail, return receipt requested, deliver to addressee only, to David Westerfield, Laurel County Judge Executive, 101 South Main Street, Suite 320, London, Kentucky 40741.

4

7. Within 21 days after being served, Defendants Mosley and Jones must respond to Davis's complaint. *See* Fed. R. Civ. P. 12.

8. Davis must immediately advise the Clerk's Office, in writing, of any change in his address. If Davis fails to do so, the Court will dismiss his case.

This the 25th day of February, 2025.

Gregory F. Van Tatenhove
United States District Judge