UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CORY JAMEL DAVIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:24-cv-00142-GFVT |
| ) | |
| v. ) | |
| ) | |
| JAMIE MOSLEY, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Jamie Mosley and Jason Jones have filed a motion to dismiss the complaint filed by plaintiff Cory Jamel Davis. [R. 18]. Davis has filed a response [R. 21], to which the defendants have replied [R. 22]. Accordingly, the motion is ripe for decision. As explained more fully below, the Court will deny Mosley and Jones's motion to the extent that Davis may proceed with his deliberate-indifference claims against Jones in his individual capacity and Mosley in his official capacity.

I

Davis alleges the following facts, which the Court accepts as true in ruling on the defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Davis was a pretrial detainee at the Laurel County Correctional Center ("LCCC") in August 2024 when the facility began selling electronic cigarettes to inmates. [R. 7 at 2]. Davis, who has asthma and diabetes, suffered nausea, dizziness, and difficulty sleeping due to the high levels of emissions from electronic cigarettes. *Id.* Davis informed "them" of the issues he was experiencing and, on September 9, 2024, he filed a formal grievance describing his problems

with "second-hand smoke." [R. 7-1 at 1]. On September 17, Sergeant Jason Jones responded "Ecigs are vapor" and closed the grievance. *Id.*

As of October 1, 2024, Davis was housed in a cell where eight of the ten prisoners used e-cigarettes. [R. 7 at 3]. During a chronic care visit on that date, Davis complained to a nurse about the e-cigarette emissions and their continuing effect on his wellbeing. *Id.* He was transferred to LCCC's medical unit later that evening. However, e-cigarettes also were being sold there and were being used by "about five" inmates.[1] *Id.* Davis alleges that he was only permitted to get fresh air three days per week during scheduled recreation. *Id.* at 5. By December 5, 2024, Davis had been transferred to a different facility. *See* R. 11.

Davis alleges that Jones and LCCC Jailer Jamie Mosley were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment. He also asserts a deliberate indifference claim against Mosley in his official capacity pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). He seeks money damages from these defendants under 42 U.S.C. § 1983.

## II

### A

Jones contends that Davis's claim against him must be dismissed for failure to state a claim upon which relief can be granted. Jones correctly notes that, to prevail on his deliberate indifference claim, Davis must show that he had a sufficiently serious medical need and that Jones disregarded an unjustifiably high risk of harm that is either known or is so obvious that it

---

[1] Davis alleged in his original complaint that e-cigarettes were *sold to and used by* prisoners in the medical unit. [R. 1 at 9]. He also alleged that the Special Housing Unit ("SHU") is the only place at LCCC where inmates are not permitted to use e-cigarettes. *Id.* at 3.

should have been known. *See Heeter v. Bowers*, 99 F.4th 900, 915-16 (6th Cir. 2024) (citing *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023)).

Davis has alleged sufficient facts to state a plausible claim for deliberate indifference against Jones. First, with respect to his sufficiently serious medical need, Davis alleges that he suffers from diabetes and asthma. He further alleges that, as a result of exposure to e-cigarette emissions, he experienced nausea, dizziness, difficulty breathing, and an inability to sleep. Construing Davis's complaint in the light most favorably to him, as the Court must do when considering a motion to dismiss under Rule 12(b)(6), he has alleged a sufficiently serious medical need for purposes of his deliberate indifference claim. *See Grote v. Kenton Cnty.*, 85 F.4th 397, 406 (6th Cir. 2023) (observing that "external signs of internal distress can indicate to a layperson that a detainee has a serious medical need").

Davis also has alleged sufficient facts to show that Jones disregarded an unjustifiably high risk of harm as a result of e-cigarette emissions. The defendants argue that "LCCC staff subsequently investigated [Davis's] circumstances" and Davis was eventually moved to a different location. Be that as it may, Davis alleges that Jones completely disregarded his complaint. Moreover, Davis was moved to the medical unit (where inmates also were using e-cigarettes) approximately *two weeks after* Jones summarily rejected his complaint.

Jones contends, in the alternative, that he is entitled to qualified immunity, which shields government officials from liability for their actions unless the official is on notice that those actions are unlawful. *See Occupy Nashville v. Haslam*, 769 F.3d 434, 441-42 (6th Cir. 2014). In resolving this claim, the Court looks to whether (1) the facts the plaintiff has alleged establish the violation of a constitutional right and (2) the right at issue was "clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Here, the defendants

focus on the second prong, arguing that inmates do not have a clearly established right to be transferred out of a facility where electronic cigarettes are being sold.

"For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Burwell v. City of Lansing*, 7 F.4th 456, 463 (6th Cir. 2012) (cleaned up). While the illegality of the conduct alleged must be apparent considering preexisting law, there need not be authority "in which the very action in question has previously been held unlawful." *Id.* at 476-77. The defendants note that there is no Supreme Court or published Sixth Circuit authority involving an inmate's right to be free from electronic cigarette emissions. However, "it is clearly established that a prisoner has a right not to have his known, serious medical needs disregarded by a medical provider or an officer." *Helphenstine*, 60 F.4th at 327. Moreover, "because prisoners have limited or no ability to protect themselves, prison officials have a duty to protect them from involuntary exposure to dangerous prison conditions." *Gordon v. Burt*, No. 23-1775, 2024 WL 1842873, at *2 (6th Cir. Apr. 24, 2024) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). And in *Helling v. McKinney*, 509 U.S. 25, 33 (1993), the United States Supreme Court recognized a deliberate-indifference claim when the prisoner-plaintiff alleged that prison officials exposed him to high levels of environmental tobacco smoke. Based on the foregoing, dismissal based on qualified immunity will be denied at this stage and Davis may proceed with his deliberate-indifference claim against Jones.

B

Construing Davis's complaint liberally, he alleges deliberate-indifference claims against Jailer Mosley in both his individual and official capacities. However, as the defendants point out in their motion to dismiss, there is no *respondeat superior* liability for supervisors under 42

4

U.S.C. § 1983. *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021). In other words, a supervisor's liability under § 1983 must be based on his own unconstitutional behavior. Since Davis fails to allege any wrongdoing on the part of Mosley, the individual-capacity claim against him will be dismissed.

Official-capacity claims are "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Thus, Davis's official-capacity claim against Mosley is essentially a claim against Laurel County. While a local government such as Laurel County may not be sued under § 1983 for an injury inflicted solely by its employees or agents, *Monell*, 436 U.S. at 694, it may be held liable for a municipal policy or custom that caused the plaintiff's injury, *Bd. of Cnty. Comm'rs of Bryan Cnty. Okla. v. Brown*, 520 U.S. 397, 403 (1997).

The defendants correctly observe that prisoners do not have a general constitutional right to be housed in facility free from e-cigarettes. However, contrary to the defendants' suggestion, Davis's complaint indicates that LCCC's policy forcibly exposed him to high levels of e-cigarette emissions, even when he experienced illness as a result of the exposure. Thus, Davis has sufficiently alleged a deliberate indifference claim based on conduct attributable to Laurel County and this claim will be permitted to go forward.

## III

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendants' Motion to Dismiss [**R. 18**] is **GRANTED** in part and **DENIED** in part;

2. The plaintiff's claim against Defendant Jamie Mosley in his individual capacity is **DISMISSED**; and

3. The plaintiff's claims against Defendants Jamie Mosley in his official capacity and Jason Jones in his individual capacity remain pending. The defendants shall file answers to these claims **within 14 days**. *See* Fed. R. Civ. P. 12(a)(4)(A).

This 10th day of June, 2025.

Gregory F. Van Tatenhove
United States District Judge